UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:07-CR-138 |
| ) | (PHILLIPS/SHIRLEY) |
| TOI MELVIN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on December 21, 2007 for a motion hearing to review appointment of counsel for Defendant Melvin, filed December 20, 2007 [Doc. 19] and to hear Defendant's Specific *Brady* Request No. 1, filed December 5, 2007 [Doc. 15]. The government filed a response to Defendant's Specific *Brady* Request No. 1 on December 19, 2007 [Doc. 18]. Assistant United States Attorney David Jennings ("AUSA Jennings") appeared on behalf of the government. Attorney Russ Greene ("Attorney Greene") and Attorney Bruce Poston ("Attorney Poston") appeared on behalf of the Defendant, who was also present. As a threshold matter, this Court first took up Defendant's Notice of Attorney Appearance.

At the time of Defendant's initial appearance before this Court, Attorney Greene was entered as CJA counsel of record for Defendant. On December 20, 2007, Attorney Poston, by way of notice, informed this Court that he had been retained as private counsel by Defendant and requested he be

substituted as counsel of record in this case [Doc. 19]. At the December 21, 2007 hearing, Attorney Poston confirmed he had been retained by Defendant Melvin. Thus, Attorney Poston is substituted as counsel of record for Defendant Melvin. Attorney Greene is hereby relieved as counsel for Defendant, except to the extent necessary to complete transition of the case and file.

The Court then heard argument on Defendant's "Specific *Brady* Request No.1" [Doc. 15]. This "request" was filed by Attorney Greene on behalf of Defendant on December 5, 2007 and requested the government to "provide the surveillance video tape from the camera located at the Pilot Store on Western Avenue at Middlebrook Pike on the date of Defendant's arrest." [Doc. 15]. The government, in response, argued it does not believe the contents of the videotape are *Brady* material, but will provide a copy to counsel for the Defendant upon their receipt of the tape from the FBI [Doc. 18]. Although not technically a motion, due to its filing with the Court and the nature of the request, this Court will treat Defendant's request as a motion ripe for disposition. In light of the government's representation to this Court regarding their willingness to provide Defendant with a copy of the videotape, Defendant's Specific *Brady* Request No.1 **[Doc. 15]** is **DENIED as moot.**

Attorney Poston then made an oral motion to continue the January 10, 2008 trial date. The government did not object to this request. Defendant Melvin did not object; he also acknowledged that he understood he would remain in custody during the continuance, but that he felt a continuance was in his best interest. The Court finds that the oral motion to continue the trial to be well taken and that the ends of justice served by granting the motion outweigh the best interest of the public and the Defendant in a speedy trial. See 18 U.S.C. § 3161(h)(8)(A). The Court notes that new defense counsel has just taken over the case for Defendant Melvin. He will need time to review discovery and make determinations regarding whether to file motions on Defendant's behalf and

prepare for trial.  See 18 U.S.C. § 3161(h)(1)(F).  The Court will need time to hear any motions that may be filed and to rule upon them.  See 18 U.S.C. 3161(h)(1)(J).  Finally, all parties will need time to prepare for trial in light of any rulings which may be made on these motions.  The Court finds that all of this could not take place before the January 10, 2008 trial date or in less than three months.  Without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence.  See 18 U.S.C. § 3161(h)(8)(B)(iv).  Requiring this Defendant to go to trial as originally scheduled would likely result in a miscarriage of justice.  See 18 U.S.C. § 3161(h)(8)(B)(I).  Thus, the Court has reset the trial to **March 6, 2008**.

Accordingly, the Court **GRANTS** the oral motion by Defendant Melvin for a continuance.  The Court further finds that the period of time between the December 21, 2007 hearing and the new trial date of March 6, 2008 is fully excludable as provided by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(1)(F), -(J),-(8)(A)-(B).

Accordingly, it is **ORDERED**

> (1) Defendant Melvin's Notice of Substitution of Counsel [Doc. 19] is **GRANTED**.  Attorney Greene is **RELIEVED** of any further representation of Defendant Melvin;
>
> (2) Attorney Poston is **RETAINED** as the counsel of record for Defendant Melvin;
>
> (3) Defendant's Specific *Brady* Request No.1 **[Doc. 15]** is **DENIED as moot**;
>
> (4) Defendant's oral motion to continue the trial date is **GRANTED**;
>
> (5) The trial is reset to commence at **9:00 a.m. on March 6, 2008,** before the Honorable Thomas W. Phillips, United States District Judge;

(6) All the time between the **December 21, 2007** hearing and the **March 6, 2008** trial date is fully excludable time under the Speedy Trial Act as set forth above.

**IT IS SO ORDERED.**

                                ENTER:

                                      s/ C. Clifford Shirley, Jr.
                                  United States Magistrate Judge